UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

_____

In re:

    Anne Georges Telasco,                               Bankruptcy Case No. 21-20280-PRW
                                                                        Chapter 7

                               Debtor,

_____

    Anne Georges Telasco,

                               Plaintiff,

              vs.                                                 Adversary Proceeding No. 21-02003-PRW

    US Department of Education,

                               Defendant.

_____

**DECISION AND ORDER
DENYING MOTION TO DISMISS AMENDED COMPLAINT
AND GRANTING CONDITIONAL DISMISSAL**

PAUL R. WARREN, U.S.B.J.

      In this adversary proceeding, Anne Telasco seeks a discharge of student loan debt totaling in excess of $280,000, asserting that repayment of the student loans would cause her undue hardship. (ECF AP No. 8 ¶¶ 21-22).[1] Ms. Telasco utilized the proceeds of those student loans to finance her education at the University of Miami School of Law, from which she successfully graduated in 1991. (*Id.* at ¶ 4). The United States Department of Education is the holder of the debt, by virtue of

---

[1] References to the docket for the adversary proceeding (Case No. 21-02003) are identified as "ECF AP" and references to the docket in the main bankruptcy case (Case No. 21-20280) are identified as "ECF BK."

having issued a Direct Consolidated Unsubsidized loan for $81,001.21 in July 2000. (ECF AP No. 30-2, Exs. A, 2-A).

The United States has moved to dismiss the Amended Complaint for lack of personal jurisdiction, under Rule 7012(b) FRBP and Rule 12(b)(2) FRCP. (ECF AP No. 30-2 at 7-12). The United States also seeks dismissal of the Amended Complaint, under Rule 12(b)(6) FRCP, for failure to state a claim upon which relief can be granted. (*Id.* at 12-26).

The papers before the Court conclusively demonstrate that Ms. Telasco failed to timely and properly serve the Summons and Amended Complaint on the United States—the service that was attempted failed to comply with Rules 7004(b)(4) and (5) FRBP. As a result, the Court lacks personal jurisdiction over the United States. The Court could simply dismiss this adversary proceeding without prejudice at this point and require Ms. Telasco to start over. But taking the easy way out will probably be followed by another procedural chess match. Instead, in the exercise of its discretion and as permitted under Rule 4(m) FRCP, the Court will extend the time for Ms. Telasco to affect service on the USDOE.

Ms. Telasco must serve the USDOE with a new Summons and Amended Complaint **within 7 days** from the date that the new Summons is issued. Ms. Telasco must also file an affidavit of service **within 3 days** of completing service. Should Ms. Telasco fail to either make proper service of the new Summons and Amended Complaint **within 7 days** from the date of issuance of the new Summons or file an affidavit of service **within 3 days** of completing service, the Court will **DISMISS** this adversary proceeding *sua sponte*, without further notice, for lack of personal jurisdiction over the Government. Therefore, the motion of the United States is **DENIED**, as requested, but dismissal is instead **CONDITIONALLY GRANTED** as ordered in this Decision.

The United States has also requested that the Amended Complaint be dismissed for Ms. Telasco's failure to state a claim upon which relief can be granted, under Rule 12(b)(6) FRCP. When the facts alleged in the Amended Complaint are viewed in the light most favorable to her and treated as being true, Ms. Telasco has alleged sufficient facts to state a cause of action for undue hardship under 11 U.S.C § 523(a)(8). The question at this early stage of the litigation is not whether Ms. Telasco will prevail at trial. The question is whether the facts alleged by Ms. Telasco are sufficient to survive a motion to dismiss under Rule 12(b)(6) FRCP. They are. Therefore, the motion of the United States, seeking dismissal of the Amended Complaint under Rule 12(b)(6) FRCP, is **DENIED**.

I.

JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 1334(a) and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

II.

FACTS

**A. <u>Flailing Attempts at Service on the United States</u>**

Ms. Telasco filed a Chapter 7 case, received a discharge, and promptly filed a Complaint seeking to discharge her student loan debt, alleging that repayment of that debt would cause her an undue hardship. (ECF AP No. 1). Over 96% of the unsecured debt listed in her schedules is attributable to student loans. (ECF BK No. 2, Sch. E/F). She subsequently filed an Amended Complaint, dropping a loan servicer as a defendant and proceeding only against the USDOE. (ECF AP No. 8). A Summons was issued by the Clerk of Court on September 7, 2021. (ECF AP No. 9). The Summons was re-issued on September 14, 2021, because the first Summons was returned to the

Clerk's Office as undeliverable. (ECF AP Nos. 12, 13). On September 16, 2021, Ms. Telasco filed an affidavit of service, indicating that she had mailed the re-issued Summons and Amended Complaint to the USDOE on September 14, 2021, to an address in San Francisco, California. (ECF AP No. 14). Oddly, Ms. Telasco's affidavit of service is dated September 2, 2021, a date 5 days prior to the issuance of the original Summons and 12 days prior to the date on which the re-issued Summons was mailed to her. On October 12, 2021, Ms. Telasco filed an affidavit of service indicating that on October 8, 2021, she served the re-issued Summons on the USDOE, Office of General Counsel, Washington, D.C. (ECF AP No. 19). Ms. Telasco's affidavit demonstrates that more than 7 days had elapsed between the re-issuance of the Summons on September 14, 2021, and her mailing that Summons on October 8, 2021. (*Id.*). No further Summons has been issued by the Clerk of Court in this adversary proceeding.

On November 8, 2021, the United States Attorney for the Western District of New York wrote to Ms. Telasco, advising her that she had failed to properly serve USDOE with the Summons. (ECF AP No. 20). Without obtaining a new Summons from the Clerk of Court, on November 17, 2021, Ms. Telasco mailed the re-issued Summons from September 14, 2021, to the United States Attorney General and to the United States Attorney for the Western District of New York. (ECF AP Nos. 21, 22). The re-issued Summons was stale when it was served on October 8, 2021—and it was even more stale when it was served on November 17, 2021. And, more than 90 days have now passed since the Amended Complaint was filed. As a result, the USDOE has moved to dismiss this adversary proceeding for lack of personal jurisdiction, insufficient process and insufficiency of service of process under Rules 12(b)(2), (4) and (5) FRCP. (ECF AP No. 30). For her part, Ms. Telasco filed an *ex parte* request for entry of a default judgment against USDOE. (ECF AP No. 26).

4

That request is not before the Court because it was not sought properly. (ECF AP No. 27, Deficiency Notice).

B. <u>Attempt to Plead Undue Hardship in the Amended Complaint</u>[2]

Ms. Telasco borrowed approximately $38,000 in student loans to fund her education at the University of Miami School of Law. (ECF AP No. 8 ¶ 4; ECF AP No. 30-2 at 3-4). After graduating in 1991 and passing the Florida bar exam, Ms. Telasco opened her own law firm where she practiced for 10 years. (ECF AP No. 8 ¶¶ 4-5; ECF AP No. 30-2 at 21). In 1992, she consolidated her loans with the USDOE into a single $40,566 loan. (ECF AP No. 30-2 at 4). She made some payments on her student loans during those 10 years. (ECF AP No. 8 ¶ 5). In July 2000, Ms. Telasco requested and received a DOE Direct Consolidated Unsubsidized Loan in the amount of $81,001.12. (ECF AP No. 30-2 at 4). In November 2001, Ms. Telasco stopped paying her student loan debt and has made virtually no payments since then. (ECF AP No. 8 ¶¶ 13-15).

Not coincidently, also in November 2001, Ms. Telasco resigned from the practice of law in Florida. (ECF AP No. 8 ¶ 6). The Amended Complaint alleges that the Florida Bar proceeded to secure a felony conviction against her for theft, and ordered her disbarred—all without notice to her.

---

[2] This Court is required to accept as true the allegations in the Amended Complaint, when ruling on the Government's motion under Rule 12(b)(6) FRCP. *Madej v. Yale Univ.*, Case No. 21-353, 2022 U.S. App. LEXIS 6197, at *2 (2d Cir. Mar. 10, 2022) (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). However, accepting the allegations of fact in the Amended Complaint as true does not make those allegations actually true for purposes of this litigation going forward. As a trained lawyer, Ms. Telasco should know that. In the Amended Complaint, Ms. Telasco alleges that the District Court for the Southern District of Florida made certain factual findings favorable to her. (ECF AP No. 8 ¶ 12). That claim is patently false. Like this Court, the Florida District Court was required to *accept* Ms. Telasco's factual allegations as true, for the purposes of ruling on a motion to dismiss under Rule 12(b) FRCP, but the District Court did not *find* the facts alleged by Ms. Telasco to be true. (*See* ECF No. 8, Ex. B at 1). Neither does this Court.

5

(*Id.* at ¶ 7). Ms. Telasco's disbarment was the first chapter of a saga that appears to have entirely consumed Ms. Telasco for the past two decades. Ms. Telasco alleges that the actions of the Florida Bar have precluded her from not only the practice of law, but have prevented her from finding employment of any kind for the past 20 years. (*Id.* at ¶¶ 10-11). She has received deferments and forbearances during those 20 years, causing the balance due on the student loans to balloon to over $280,000. (*Id.* at ¶ 16). Ms. Telasco asserts that, if forced to repay the student loan debt, she would not be able to maintain a minimal standard of living, a situation she claims is likely to persist because of her felony conviction. (*Id.* at ¶¶ 21-22).

The USDOE has moved to dismiss the Amended Complaint, under Rule 12(b)(6) FRCP, asserting that Ms. Telasco has failed to state a claim for which relief can be granted. (ECF AP No. 30-2 at 12-26). Much of the focus of the USDOE is devoted to demonstrating how Ms. Telasco will be unable to meet her burden of proof under the *Brunner*[3] test—inviting the Court to stray from its duty to accept the allegations in the Amended Complaint as true in ruling on the Rule 12(b)(6) motion—and to instead rule on the merit of Ms. Telasco's factual allegations.

### III.

### DISCUSSION

**A. <u>The Court Lacks Personal Jurisdiction Over The USDOE</u>**

Rule 7004 FRBP governs the service of process in adversary proceedings. If a defendant is not served with a summons and complaint in the manner and within the time specified in the Bankruptcy Rules, the court lacks personal jurisdiction over the defendant. *In re Williams*, Case No. 15-5055, 2015 Bankr. LEXIS 3738, at *3 (Bankr. N.D. Ga. Sept. 14, 2015); *see generally Mares v. United States*, Case No. 13-CV-6187-CJS, 2014 U.S. Dist. LEXIS 77465 (W.D.N.Y. June 5, 2014)

---

[3] *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987).

(Siragusa, J.) (analyzing the requirements of Rule 4 FRCP). Here, the USDOE is the defendant. Rules 7004(b)(4) and (5) FRBP require that the United States be served by mailing a summons and complaint to the civil process clerk at the office of the United States Attorney for the district in which the adversary proceeding is brought, to the Attorney General of the United States in Washington, D.C., and to the affected agency. And, Rule 7004(e) FRBP mandates that, if service by mail is utilized, the summons must be mailed within 7 days after it is issued by the Clerk of Court. Affecting service within the 7-day window is important because in bankruptcy litigation a defendant's time to answer is measured from the date the summons is *issued*, not from the date the summons is *served* (as in most other litigation in federal court). *Compare* Rule 7012(a) FRBP *with* Rule 12(a)(1)(A)(i) FRCP.

Ms. Telasco filed her Amended Complaint on September 3, 2021. (ECF AP No. 8). The Clerk of Court issued a Summons on September 7, 2021, and sent that Summons to Ms. Telasco by regular mail the same day. (ECF AP No. 9). The Post Office returned the envelope containing the Summons as "not deliverable," despite the fact that the envelope appeared to be directed to Ms. Telasco's correct address. (ECF AP No. 12). As a result, the Clerk issued a second Summons on September 14, 2021—and that re-issued Summons was mailed to Ms. Telasco at the same residential address (this time with success). (ECF AP No. 13). On September 16, 2021, Ms. Telasco filed a certificate of service, indicating that she served the USDOE by first-class mail, but addressed to a location in San Francisco. (ECF AP No. 14).[4] It is beyond question that the attempt by Ms. Telasco to serve the USDOE in San Francisco did not comply with the requirements of Rules 7004(b)(4) and (5) FRBP.

---

[4] Ms. Telasco subsequently filed a blank certificate of service on September 30, 2021, that is of no consequence here. (ECF AP No. 15).

Without requesting the issuance of another Summons, on October 8, 2021, Ms. Telasco wrote to the Court, indicating that her attempt to serve the USDOE at the address in San Francisco was returned as undeliverable. (ECF AP No. 18). That same day, Ms. Telasco filed a certificate of service dated October 8, 2021, certifying that she served the USDOE, Office of General Counsel, 400 Maryland Avenue, SW, Washington, D.C.—although the date of mailing the Summons and Amended Complaint was left blank. (ECF AP No. 19). Ms. Telasco did not serve the Summons and Amended Complaint on either the United States Attorney General or the United States Attorney for the Western District of New York at that time. Ms. Telasco's attempts at service did not comply with Rules 7004(b)(4), (5) or 7004(e) FRBP—so, the United States was not properly served and the Summons dated September 14, 2021 was now stale.

On November 8, 2021, the United States Attorney for the Western District of New York advised Ms. Telasco by letter that her attempts at service were improper under the applicable Rules. (ECF AP No. 20). Without obtaining a new Summons, on November 17, 2021, Ms. Telasco purported to serve both the United States Attorney for this District and the United States Attorney General with the Summons dated September 14, 2021. (ECF AP Nos. 21, 22). And, on January 11, 2022, Ms. Telasco claimed to have served the USDOE with the Summons dated September 14, 2021. (ECF AP No. 24).

Service of the summons and complaint in an adversary proceeding is governed by Rule 7004(a) FRBP, which makes Rules 4(a), (b), (c)(1), (d)(5), (e)-(j), (l) and (m) FRCP applicable. Notably, Rule 4(m) requires that if a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice or order that service be made within a specified time. Further, Rule 7004(e) requires that if a summons is served by first-class mail, the summons must be deposited in the mail within 7 days of the date the summons is issued by the

8

Clerk. Here, Ms. Telasco failed to deposit the re-issued Summons in the mail within 7 days of its issuance, and more than 90 days have now elapsed since the Complaint was filed, yet proper service on the United States has never taken place.

There is no doubt that the Court presently lacks personal jurisdiction over the United States in this action. The United States has not been properly served and has not waived service. The remedy requested by the United States is dismissal. Of course, under Rule 4(m) such a dismissal must be without prejudice. But Rule (4)(m) also vests the Court with the authority to "order that service be made within a specified time" as an alternative to dismissal. The Court finds this latter course of action to be the appropriate remedy here, because there would be no prejudice to the Government in permitting Ms. Telasco a brief window to properly serve a new Summons.[5]

Therefore, the request by the United States that this action be dismissed under Rule 12(b)(2) FRCP is **DENIED**, as requested, but **CONDITIONALLY GRANTED** as follows. The Clerk of Court is directed to issue a new Summons, under Rule 7004(e) FRBP. That new Summons is to be sent to Ms. Telasco by first-class mail *the same day that it is issued*. Ms. Telasco must serve that new Summons, in the manner specified by Rules 7004(b)(4) and (5), **within 7 days** of the date that the new Summons is issued—which time period the Court specifies as required by Rule 4(m). Ms. Telasco must also file an affidavit of service **within 3 days** of its completion. In the event that Ms. Telasco fails to either serve the new Summons within 7 days of the date that the Summons is issued or file an affidavit of service within 3 days after completion of service, this adversary proceeding

---

[5] In weighing the alternative remedies spelled out in Rule 4(m), the Court is mindful of the directive that "[t]hese rules shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding." Rule 1001 FRBP.

will be **DISMISSED** by the Court *sua sponte* and without further notice, for lack of personal jurisdiction over the Government.

B. <u>**The Amended Complaint Contains Enough Factual Allegations To Survive A Motion To Dismiss Under Rule 12(b)(6)**</u>

The Government seeks, in addition to dismissal for lack of personal jurisdiction, to have Ms. Telasco's Amended Complaint dismissed under Rule 12(b)(6) FRCP, for failure to state a claim. "To survive a motion to dismiss, the complaint must plead enough facts to state a claim for relief that is plausible on its face." *Madej v. Yale Univ.*, Case No. 21-353, 2022 U.S. App. LEXIS 6197, at \*2 (2d Cir. Mar. 10, 2022) (internal quotations omitted) (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). And, "a court must accept as true all of the allegations contained in a complaint." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Ms. Telasco seeks to be discharged from her student loan debt under § 523(a)(8) of the Code, claiming that excepting the USDOE debt from discharge would impose an undue hardship on her. (ECF AP No. 8 ¶¶ 20-21). The Government reminds the Court that, in the Second Circuit, in determining whether a student loan debt imposes an "undue hardship" if not discharged in bankruptcy, the trial court must be guided by the application of the three-part *Brunner* test. (ECF AP No. 30-2 at 14-15); *see also Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987). To successfully demonstrate "undue hardship" a debtor must prove (1) that if forced to repay the student loans, she would not be able to maintain a minimal standard of living based on her current income and expenses; (2) that additional circumstances exist showing that her state of affairs is likely to persist for a significant portion of the loan repayment period; and (3) that she has made a good faith effort to repay the student loans. *Brunner*, 831 F.2d at 396.

The Government's lengthy exposition on the application of the *Brunner* test to the facts alleged by Ms. Telasco, in arguing that Ms. Telasco will be unsuccessful in meeting that test,

10

requires that the Court take a short detour from its intended path. The Government seems to be conflating *Iqbal* and *Brunner*, by inviting the Court to make ultimate determinations concerning the merit of Ms. Telasco's factual allegations—sounding very much like a motion for summary judgment under Rule 56 FRCP. The many cases cited by the Government in its motion all involve the application of the *Brunner* test to the facts (or absence of facts) by courts *after a trial*, not in connection with a motion to dismiss. In ruling on a motion under Rule 12(b)(6) FRCP, the trial court is required to make a threshold review of the complaint. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see also Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996). "[T]he probability that respondent will not prevail at trial is no justification for dismissing the complaint." *Hoover v. Ronwin*, 466 U.S. 558, 588 (1984) (Stevens, J., dissenting).

The Court must follow the detour a bit further, to tidy-up the procedural anomaly occasioned by the Government's motion. In support of its motion to dismiss, the Government offers a number of matters outside of the pleadings—the only pleading at this point is the Amended Complaint. By rule, this would require that the Court treat the Government's motion as one for summary judgment, *unless* those extraneous matters are specifically excluded by the Court. *See* Rule 12(d) FRCP. Included in those extraneous matters are documents showing Ms. Telasco's payment history since 2001 and portions of the complaint filed by Ms. Telasco with the Florida District Court in her action against the Florida State Bar. (ECF AP No. 30-2 at 5 n.4 and Ex. A). Ms. Telasco's Amended Complaint certainly makes reference to that litigation, but her complaint in that action is not attached to the Amended Complaint. "A complaint that alleges facts related to or gathered during a separate litigation does not open the door to consideration, on a motion to dismiss, of any and all documents filed in connection with that litigation." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 560 (2d Cir.

11

2016). To afford Ms. Telasco an opportunity to be heard, the Court exercises its discretion and, as permitted by Rule 12(d) FRCP, **excludes** the Government's offer of matters outside the Amended Complaint. However, this exclusion is solely for the purpose of ruling on the motion under Rule 12(b)(6) FRCP, rather than converting the motion to one for summary judgment. Those extraneous matters may (and likely will) be considered at a later stage in this litigation. Which brings the Court back to its path.

Ms. Telasco alleges in her Amended Complaint that her net monthly income is $16.00, which meager surplus would prevent her from maintaining a minimal standard of living if she is forced to repay her student loan debt. (ECF AP No. 8 ¶¶ 18, 21). She claims that her disbarment by the State of Florida has, for the past 20 years, precluded her from securing employment of *any kind*. (*Id.* at ¶ 22). And, she alleges that she has made a good faith effort to repay her student loans, primarily through deferments and forbearances based on her lack of income. (*Id.* at ¶¶ 23-24). While the facts alleged in the Amended Complaint are scant and may be very difficult to prove, those facts must be accepted by the Court as true in ruling on the motion under Rule 12(b)(6). *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007)*: see also Madej v. Yale Univ.*, Case No. 21-353, 2022 U.S. App. LEXIS 6197, at *2 (2d Cir. Mar. 10, 2022). Further, despite the fact that Ms. Telasco is educated as an attorney, she is *pro se* in this litigation and she has not practiced law in over 20 years. (ECF AP No. 8). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Pardus*, 551 U.S. at 94; *see also Jackson v. Fed. Express*, 766 F.3d 189, 195 (2d Cir. 2014).

The Court finds that Ms. Telasco has alleged enough facts to survive the Government's motion to dismiss under Rule 12(b)(6) FRCP. Whether Ms. Telasco can prove those facts, by a preponderance of evidence in admissible form (and meet the demanding *Brunner* test), is a question

for another day. *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 379-80 (2d Cir. 1995). For today, the Government's motion to dismiss for failure to state a claim is **DENIED**.[6]

IV.

CONCLUSION

The motion of the United States seeking dismissal of the Amended Complaint for lack of personal jurisdiction is **DENIED**, as requested, but is instead **CONDITIONALLY GRANTED**. While the Court lacks personal jurisdiction because Ms. Telasco failed to timely and properly serve the United States—the service that was attempted failed to comply with Rules 7004(b)(4) and (5) FRBP—the Court exercises its discretion and briefly extends the time for Ms. Telasco to properly serve the USDOE as permitted by Rule 4(m) FRCP. The Clerk of Court is directed to issue a new Summons under Rule 7004(e) FRBP. That new Summons is to be sent to Ms. Telasco by first-class mail *the same day that it is issued* (together with a copy of this Decision and Order). Ms. Telasco must properly serve the USDOE **within 7 days** from the date that the new Summons is issued. Ms. Telasco must also file an affidavit of service **within 3 days** of completing service. If Ms. Telasco fails to either serve the Summons within 7 days of the date the new Summons is issued or file an affidavit of service within 3 days of its completion, this adversary proceeding will be **DISMISSED** by the Court *sua sponte*, without further notice, for lack of personal jurisdiction over the Government.

The motion of the United States seeking dismissal of the Amended Complaint for failure to state a claim upon which relief can be granted is **DENIED**. When the alleged facts are viewed in the

---

[6] The denial of a motion does not indicate that Plaintiff will prevail on a claim that withstands a challenge under Rule 12(b)(6) FRCP. *Harris v. Procter & Gamble Cellulose Co.*, 73 F.3d 321, 324 (11th Cir. 1996).

13

light most favorable to her and treated as being true, Ms. Telasco has alleged sufficient facts in her Amended Complaint to state a cause of action for undue hardship under 11 U.S.C. § 523(a)(8).

**IT IS SO ORDERED.**

Dated: March 29, 2022　　　　　　　　　　　　/s/
　　　　Rochester, New York　　　　　　HON. PAUL R. WARREN
　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge